*JUDGE DANIELS*

**DeORCHIS & PARTNERS, LLP**
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700
File No.: 2104-93

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E & S INTERNATIONAL ENTERPRISES, INC.

           Plaintiff,

  -against-

M/V INDAMEX CAUVERY, her engines, boilers, appurtenances, etc. *in rem*; EXPEDITORS INTERNATIONAL OCEAN; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; ER MELBOURNE; A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE; and CMA CGM (AMERICA) LLC

           Defendants.

---

**COMPLAINT**

___ Civ. ___

[Stamp: RECEIVED SEP 20 2010 U.S.D.C. S.D.N.Y. CASHIERS]

[Stamp: 10 CV 7221]

Plaintiff, E & S International Enterprises, Inc. as and for its complaint against Defendants, M/V INDAMEX CAUVERY, her engines, boilers, appurtenances, etc., EXPEDITORS INTERNATIONAL OCEAN and EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., ER MELBOURNE, A.P. MOLLER-MAERSK d/b/a MAERSK LINE, and CMA CGM (AMERICA) LLC alleges upon information and belief as follows:

### FIRST CAUSE OF ACTION

1.    This action involves an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea and falls within the

Court's diversity, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim. Plaintiff seeks recovery for cargo loss and damage caused by Defendant's breaches of contract, breaches of warranty, and torts.

2. Plaintiff, E & S International Enterprises, Inc. is a corporation organized under the laws of, and with its principal place of business in, the state of California. Plaintiff maintains an office at 7801 Hayvenhurst Avenue, Van Nuys, California 91406, and was at all material times the purchaser, consignee and owner of the shipment in suit and the holder of the bill of lading issued by Defendant Expeditors International Ocean.

3. At all material times, the M/V INDAMEX CAUVERY was and still is an oceangoing cargo vessel, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

4. Defendant A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE (hereinafter "Maersk Line") was and still is a corporation organized under the laws of, and with its principal place of business, in New Jersey. Defendant Maersk Line maintains an office at Giralda Farms, Madison Avenue, P.O. Box 880, Madison, New Jersey 07940-0880.

5. Defendant ER MELBOURNE was and still is a corporation organized under the laws of, and with its principal place of business, in Germany. Defendant ER MELBOURNE maintains an office at Hohe Bleichen 12, 20354 Hamburg, Germany.

6. Defendant CMA CGM (AMERICA) LLC was and still is a corporation organized under the laws of the state of New Jersey with offices and a place of business at 5701 Lake Wright Drive, Norfolk, VA 23502.

7.  Defendant Expeditors International Ocean is a corporation organized under the laws of, and with its principal place of business in, the People's Republic of China. Defendant maintains an office at Howard Johnson Plaza Ningbo, Room 710, 7th Floor, Phase II, No. 230 Liu Ting Street, Ningbo 31500, People's Republic of China.

8.  Defendant Expeditors International of Washington, Inc. is a corporation organized under the laws of, and with its principal place of business in, the state of Washington. Defendant maintains an office at 1015 Third Ave, 12th Floor, Seattle WA 98104.

9.  Defendant Expeditors International of Washington, Inc. at all material times had or had agents for service of process within New York. Upon information and belief Defendants are engaged in the business of common carriers, bailees, warehousemen, and/or the provision of services related to such activities, and conduct business with respect to shipments to, from and within the State of New York.

10. Defendant Expeditors International of Washington, Inc., in addition to carrier functions, also claims to provide services as forwarders. Defendant Expeditors International Ocean are alleged to be non-vessel operating common carriers with a bond on file with the Federal Maritime Commission and hold themselves out to be common carriers of cargo for hire.

11. Defendant MAERSK LINE owns, operates, manages and/or charters ships, including the INDAMEX CAUVERY, that operate between various foreign and domestic ports and, in particular, within this district, and was the owner, owner *pro hace vice*, charterer, manager and/or operator of the INDAMEX CAUVERY, and at all

3

relevant times, was an is still doing business within the jurisdiction of this Honorable Court.

12. Defendant ER MELBOURNE owns, operates, manages and/or charters ships, including the INDAMEX CAUVERY, that operate between various foreign and domestic ports and, in particular, within this district, and was the owner, owner *pro hace vice*, charterer, manager and/or operator of the INDAMEX CAUVERY, and at all relevant times, was an is still doing business within the jurisdiction of this Honorable Court.

13. This action involves damage, including water damage, to a shipment of 351 cartons of Viore 32 inch HD LCD televisions which moved in carrier-provided ocean shipping container GLDU7040665. Said container was provided to the cargo shipper by Defendants who warranted that said container was in all respects seaworthy, cargoworthy, and capable of providing protection for the cargo during all stages of custody, handling, and transportation. This shipment was carried in said container aboard the M/V INDAMEX CAUVERY, Voyage VHH029, from Ningbo, China to Miami, Florida, as described more fully in Expeditors International of Washington, Inc.'s bill of lading 614466306 dated on or about August 17, 2009, and others.

14. The aforementioned damage was caused by the unseaworthiness and uncargoworthiness of the carrying vessel and container as well as Defendants' reckless failure to properly load, stow, lash, carry, discharge, protect, deliver and care for the subject cargo, and their unreasonable deviations from, the terms of the contract of carriage.

4

15. As a result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $23,000, as near as can now be estimated, for which Defendants are jointly and severally liable as common carriers, bailees and/or warehousemen for hire

16. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 of this complaint.

18. Defendants' statutory and contractual obligations, as well as their warranties under the general maritime law, included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit to carry the cargo which Defendants contracted to transport.

19. The container provided by Defendants was neither cargoworthy, nor seaworthy and was not fit to carry the cargo in suit.

20. The faulty and defective condition of the container allowed ingress of water in the container and this caused damage to Plaintiff's subrogor's cargo.

21. The claimed wetting damage was caused in whole or in part by the unseaworthy and uncargoworthy condition of the ocean shipping container provided by Defendants.

22. Accordingly, Defendants are liable to Plaintiff as a result of their breach of said nondelegable duties and warranties with respect to the ocean shipping container used to transport the cargo.

WHEREFORE, Plaintiff prays:

1. *In rem* service of process be issued against the M/V INDAMEX CAUVERY, its engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V INDAMEX CAUVERY, its engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court Order, adjudge and decree that defendants be found jointly and severally in the amount of 23,000, together with interest at the rate of 9% per annum and the costs of this action and prays that this Honorable Court provide such other and further relief as warranted by justice.

Dated: New York, New York
September 20, 2010

DeORCHIS & PARTNERS, LLP
*Attorneys for Plaintiff*
E & S International Enterprises, Inc.

By: /s/ William E. Lakis

William E. Lakis (WEL-9355)
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700 – Tel.
(212) 422-5299 – Fax
wlakis@marinelex.com - Email
Our File: 2104-93